IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOREEN WIMBISH**                                                                      **PLAINTIFF**

**v.**                                                                                        1:25cv265 HSO-BWR

**PEOPLEREADY, INC.**                                                                   **DEFENDANT**
                                                                                  **(JURY TRIAL DEMANDED)**

## COMPLAINT

Wimbish complained to DOL that PeopleReady was working her off the clock. When the company was forced to issue backpay checks, it fired Wimbish in violation of FLSA Section 15(a)(3). For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

### PARTIES, JURISDICTION, VENUE

1. Plaintiff Doreen Wimbish is an adult resident of Mississippi.

2. PeopleReady, Inc. is a temporary employment agency, day labor and/or event service company with a nerve center and state of incorporation in Tacoma, Washington.

3. Defendant can be served with process via its registered agent, CORPORATION SERVICE COMPANY, 109 Executive Drive, Suite 3, Madison, MS 39110.

4. Jurisdiction is proper in this honorable Court under 28 U.S.C. § 1331 because this claim arises under federal law, including the FLSA.

5. Jurisdiction is also proper in this honorable Court under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the statutory minimum.

6. Venue is proper in this honorable Court under 28 U.S.C. § 1391 because the work at issue was located in and around Gulfport, Mississippi.

### COVERAGE, TIMELINESS, JURY DEMAND

7. Defendant has over $500,000 in gross annual revenues.

8. Defendant is an interstate enterprise and an employer covered by the Fair Labor Standards Act.

9. Defendant was Plaintiff's employer.

10. During Plaintiff's time working for Defendant, Plaintiff was protected by the anti-retaliation provisions of Section 15(a)(3) of the FLSA.

11. On or about December 2, 2023, Defendant told Plaintiff that she was fired.

12. This action is filed within two years of Plaintiff's termination.

13. Plaintiff has met the timeliness requirements of the FLSA.

14. Plaintiff demands a trial by jury on all issues so triable.

## FACTS

15. Wimbish worked for PeopleReady.

16. As an employee of PeopleReady, Wimbish worked jobs at the Gulf Coast Coliseum, the New Orleans Superdome, the New Orleans Convention Center, Walmart, Shuckers minor league baseball games and for the City of Gulfport.

17. Wimbish also worked as a van driver, transporting other PeopleReady employees to worksites.

18. When she worked a job, she was required to be at a PeopleReady office in Gulfport at a specific time, where the manager (Sue LNU) would provide instructions.

19. Wimbish would then drive the employees to the worksite.

20. PeopleReady paid Wimbish on an hourly basis.

21. However, PeopleReady did not start Wimbish's time for compensation purposes until she arrived at this second worksite.

22. It therefore did not compensate Wimbish for the time she spent receiving instructions at the PeopleReady location or driving employees to the second worksite.

23. Wimbish complained of this to Sue LNU and/or others at PeopleReady.

24. PeopleReady did not cure the issue when she complained internally.

25. Wimbish then complained to the Wage and Hour Division of the United States Department of Labor.

26. DOL's investigation found that PeopleReady had violated the FLSA by failing to pay Wimbish for her full workday.

27. PeopleReady had to pay Wimbish backpay.

28. The first check tendered by PeopleReady was not accepted by the bank.

29. Wimbish complained that the check was not accepted, and thus that the violation had not been cured. She asked to have the check corrected/replaced.

30. When Wimbish reported this to PeopleReady, the managers were rude to her about it.

31. Wimbish reported this rudeness to PeopleReady and to DOL as retaliation.

32. PeopleReady reissued the check.

33. When Wimbish picked up the check from Sue, in passing, Wimbish complimented Sue's pen.

34. Sue responded caustically, "now you got all that money you can buy your own pen."

35. The local managers and supervisors resented Wimbish's backpay award.

36. This is because the complaint had tarnished the local office's image inside the company and the local managers' bonus was impacted by the additional pay they had to provide Wimbish.

37. The next time Wimbish sought to accept a job request from PeopleReady in the company app, she received a message to contact the local office.

38. When she contacted the local office, she was told that she was fired.

39. Wimbish alleges that she was fired in retaliation for her protected complaints under the FLSA.

## CAUSES OF ACTION

COUNT I: Fair Labor Standards Act 13(a)(3), Retaliation

40. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

41. Under the Fair Labor Standards Act, Section 15(a)(3), it is unlawful retaliation to take adverse action because a person participates in an FLSA complaint..

42. Plaintiff engaged in protected activity by complaining of what she believed were FLSA violations.

43. Defendant took adverse action against Plaintiff by firing her.

44. Defendant fired Plaintiff because of these protected activities.

45. This violates the law.

46. In doing so, Defendant harmed Plaintiff.

## REMEDIES

47. Plaintiff seeks all remedies available, including but not limited to the following:

    a. A final judgment declaring that Defendant has violated the law;

    b. An injunction curing Defendant's unlawful actions and prohibiting any future similar actions;

c. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

d. Any other equitable relief as this honorable Court deems appropriate;

e. Back pay;

f. Statutory liquidated damages if applicable;

g. Reinstatement and/or front pay, as appropriate;

h. Compensatory damages for dignitary harms, reputational harms, emotional distress and any other non-pecuniary harms flowing from Defendant's unlawful actions;

i. Consequential damages and any other pecuniary harms flowing from Defendant's unlawful actions;

j. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

k. Nominal damages if no other damages are available;

l. Pre- and post-judgment interest;

m. Attorney fees;

n. Costs; and/or,

o. Any other relief available under any applicable principle of law or equity.

DATE: August 22, 2025.

Respectfully submitted by the Plaintiff,

By: */s/ Joel F. Dillard (MSB No. 104202)*
Joel F. Dillard
775 North Congress Street
Jackson, Mississippi 39202

(601) 509-1372 x2
joel.f.dillard@gmail.com

6