# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **DOREEN WIMBISH**<br><br>Plaintiff,<br><br>V.<br><br>**PEOPLEREADY, INC.**<br><br>Defendant. | **CIVIL ACTION NO. 1:25CV265 HSO-BWR**<br><br>**(JURY TRIAL DEMANDED)** |

## PEOPLEREADY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PeopleReady, Inc. ("PeopleReady" or "Defendant"), respectfully submits this Answer and Affirmative Defenses in response to the Complaint (R. Doc. 1) filed by Plaintiff, Doreen Wimbish ("Plaintiff"). Plaintiff brings one cause of action under the Fair Labor Standards Act, 29 U.S. C. § 201 *et seq.* (the "FLSA"), alleging PeopleReady retaliated against her for engaging in protected activity under the FLSA. PeopleReady denies it violated the FLSA and denies each and every introduction, allegation, heading, footnote, and/or prayer for relief unless specifically admitted, qualified, or otherwise answered herein. Defendant states and answers as follows:

**I. ANSWER**

### PARTIES, JURISDICTION, VENUE[1]

1. PeopleReady denies the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

---

[1] PeopleReady does not admit to the veracity of any statement within any heading. Defendant simply incorporates Plaintiff's headings from the Complaint for ease of reference. To the extent PeopleReady is required to answer the headings, those headings are denied.

2. PeopleReady responds to the compound allegations contained in Paragraph 2 of the Complaint as follows: PeopleReady admits that it's a national staffing company that provides temporary and permanent staffing solutions for customers in various industries, including construction, manufacturing, and hospitality. PeopleReady admits that its principal place of business is in Tacoma, Washington. The remaining allegations within Paragraph 2 of the Complaint are denied.

3. PeopleReady admits that its registered agent within the State of Mississippi is CORPORATION SERVICE COMPANY, 109 Executive Drive, Suite 3, Madison, MS 39110.

4. The allegations within Paragraph 4 of the Complaint constitute a legal, jurisdictional statement for which an answer is not required. To the extent PeopleReady must answer, PeopleReady concedes that because Plaintiff brings this action under the FLSA, this Court has subject matter jurisdiction.

5. The allegations within Paragraph 5 of the Complaint constitute a legal, jurisdictional statement for which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies this allegation for lack of sufficient information to justify a belief in the truth therein.

6. The allegations within Paragraph 6 of the Complaint constitute a legal statement to establish venue and an answer is not required. To the extent PeopleReady must answer, PeopleReady does not challenge Plaintiff's selected venue.

### COVERAGE, TIMELINESS, JURY DEMAND

7. PeopleReady admits that its annual gross volume of sales is at least $500,000.

8. The allegations within Paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady admits it is engaged in an interstate enterprise.

9. PeopleReady admits that it employed Plaintiff.

10. The allegations within Paragraph 10 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady admits Plaintiff's employment was governed by the FLSA but denies it violated the FLSA in its treatment of Plaintiff.

11. PeopleReady admits that it terminated Plaintiff's employment on or around November 2, 2023.

12. PeopleReady admits the lawsuit was filed on August 22, 2025.

13. The allegations within Paragraph 13 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady admits that under FLSA, the statute of limitations is generally two years.

14. PeopleReady is not required to answer the jury demand. To the extent it must answer, PeopleReady denies that Plaintiff is entitled to a jury for all issues raised in the Complaint and avers that Plaintiff's request for a jury is limited only to those issues for which a jury trial is available as a matter of law.

## FACTS

15. PeopleReady admits that it employed Plaintiff.

16. PeopleReady admits that during her employment, Plaintiff worked for different customers at different locations and confirms those customer locations, included, but were not limited to, the Mississippi Gulf Coast Coliseum, the Superdome, the New Orleans Convention

Center, and different Walmart locations. PeopleReady denies the remaining allegations within Paragraph 16 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

17. PeopleReady denies the allegations within Paragraph 17 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

18. PeopleReady denies the allegations within Paragraph 18 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

19. PeopleReady denies the allegations within Paragraph 19 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

20. PeopleReady admits it paid Plaintiff on an hourly basis.

21. PeopleReady denies the allegations within Paragraph 21 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

22. PeopleReady denies the allegations within Paragraph 22 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

23. PeopleReady denies the allegations within Paragraph 23 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

24. PeopleReady denies the allegations within Paragraph 24 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

25. PeopleReady denies the allegations within Paragraph 25 of the Complaint for lack of sufficient information to justify a belief in the truth therein.

26. PeopleReady denies the allegations within Paragraph 26 of the Complaint.

27. PeopleReady admits it paid Plaintiff back wages following a Department of Labor investigation and subsequent negotiated resolution but denies it engaged in any unlawful conduct.

#110092929v1

28. PeopleReady admits there were issues related to the first check issued. The remaining allegations within Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

29. PeopleReady admits there were issues related to the printing of the first check issued that caused it not to be accepted. PeopleReady denies the remaining allegations within Paragraph 29 of the Complaint.

30. PeopleReady admits Plaintiff complained about the issues related to the first check.

31. The allegations within Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

32. The allegations within Paragraph 32 of the Complaint are admitted.

33. The allegations within Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

34. The allegations within Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

35. The allegations within Paragraph 35 of the Complaint are denied.

36. The allegations within Paragraph 36 of the Complaint are denied.

37. The allegations within Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein.

38. The allegations within Paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief in the truth therein. PeopleReady, however, does admit Plaintiff was terminated.

#110092929v1

39. The allegations within Paragraph 39 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies it violated the FLSA or retaliated against Plaintiff.

**CAUSES OF ACTION**
**COUNT I: FAIR LABOR STANDARDS ACT 15(A)(3), RETALIATION**

40. The allegations within Paragraph 40 of the Complaint constitute an incorporation of prior allegations and do not require an answer. To the extent PeopleReady must answer, PeopleReady adopts its answer to the preceding paragraphs as if stated herein.

41. The allegations within Paragraph 41 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady admits the FLSA prohibits retaliation for engaging in protected activity under the Act.

42. The allegations within Paragraph 42 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies the allegations as written.

43. The allegations within Paragraph 43 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies it took adverse action against Plaintiff.

44. PeopleReady denies the allegations within Paragraph 44.

45. The allegations within Paragraph 45 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies it violated the FLSA or any other "law."

46. The allegations within Paragraph 46 of the Complaint call for a legal conclusion to which an answer is not required. To the extent PeopleReady must answer, PeopleReady denies them.

47. To the extent the allegations contained in the Remedies portion of the Complaint constitute a legal conclusion, no response is required. Defendant denies any liability to Plaintiff or that Plaintiff is entitled to judgment as to the relief sought in subsections (a)-(o) of the Remedies section, or elsewhere in the Complaint, and denies any express or implied allegations of fact or law in the Remedies section, including:

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

    j. Denied.

    k. Denied.

    l. Denied.

    m. Denied.

    n. Denied.

    o. Denied.

    \*    \*    \*    \*

PeopleReady objects to the statements and allegations contained in all unnumbered and mis-numbered Paragraphs in the Complaint on the grounds that they call for legal conclusions to which no response is required.

## II. AFFIRMATIVE DEFENSES AND/OR AVOIDANCES

PeopleReady asserts that it only bears the burden of proof on those matters identified as affirmative defenses in Rule 8 of the Federal Rules of Civil Procedure. In response to Plaintiff's allegations, PeopleReady sets forth the following defenses and/or avoidances:

1. Some or all of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims for damages, if any, should be barred or reduced to the extent she has failed to properly mitigate her alleged damages as required by law.

3. PeopleReady denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages. In the alternative, if liability is established, PeopleReady is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law. PeopleReady is also entitled to any other additional offsets permissible under all applicable laws.

4. To the extent PeopleReady discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after-acquired evidence doctrine.

#110092929v1

5. Plaintiff's claims for damages are subject to all applicable limitations and caps on the recovery of such damages.

6. Some or all of Plaintiff's allegations may be barred by the applicable statutes of limitations and/or her own conduct.

7. To the extent Plaintiff alleges any adverse employment decisions, any decisions concerning Plaintiff's employment were based on legitimate, non-discriminatory, non-retaliatory, or other lawful reasons. PeopleReady acted in good faith toward Plaintiff at all times.

8. Some or all of the allegations, issues, and/or claims in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel, consent, waiver, release, offset, accord and satisfaction, ratification, acquiescence, and unclean hands.

9. At all pertinent times, policies and procedures regarding the prohibition, reporting, and/or remediation of unlawful employment practices were in effect with respect to the employment decisions made the subject of this action, and Plaintiff was aware of those policies and procedures. At all pertinent times, PeopleReady exercised reasonable care to prevent and promptly correct any alleged unlawful employment practices, and Plaintiff unreasonably failed to either take advantage of preventive or corrective opportunities provided by her employer or to otherwise avoid harm. To the extent Plaintiff alleges she availed herself of any such reporting or complaint procedures, any such report or complaint was promptly and adequately addressed, and appropriate remedial measures were taken if necessary.

10. Plaintiff's request for punitive damages is barred by the defense set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), in that PeopleReady has anti-discrimination and anti-harassment policies, makes reasonable efforts to educate its employees about its anti-discrimination policies and the prohibitions of federal law and other civil rights laws, and makes

#110092929v1

reasonable efforts to enforce its anti-discrimination and anti-harassment policies, such that PeopleReady made a good faith effort to comply with the law. Moreover, such claims of retaliation, which are denied by PeopleReady, do not evidence a malicious, reckless, and/or fraudulent intent to deny Plaintiff her rights, and are not otherwise so wanton or willful as to support an award of punitive damages.

11. Plaintiff was not subject to any adverse employment actions. However, to the extent Plaintiff claims or establishes that she was subject to an adverse employment action or decision, PeopleReady asserts that any such action or decision was based on legitimate, nondiscriminatory, non-retaliatory reasons and that it acted in good faith toward Plaintiff at all times.

12. Plaintiff did not suffer an adverse employment action as a result of any DOL investigation. To the extent Plaintiff establishes that she was subject to an adverse employment action or decision, PeopleReady asserts that any such action or decision was based solely on legitimate, non-discriminatory reasons unrelated to the DOL investigation and that PeopleReady acted in good faith toward Plaintiff at all times.

13. All actions taken by PeopleReady with respect to Plaintiff were justified, privileged, reasonable, and in good faith, without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure Plaintiff.

14. Damages, if any, were the result of Plaintiff's own actions and/or inactions or the actions of persons and/or entities over which Defendant had no control.

15. Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

#110092929v1

16. Notwithstanding PeopleReady's general denials and previous affirmative defenses, and without admitting Plaintiff's averments, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, which is denied, then in the alternative PeopleReady affirmatively states that it would have taken the same action in the absence of such impermissible motivating factors.

17. All employment practices challenged by Plaintiff were job related and justified by business necessity.

\*        \*        \*        \*

PeopleReady reserves the right to amend this pleading to assert any additional defenses, including in particular those affirmative defenses set forth in Federal Rule of Civil Procedure 8, when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

\*        \*        \*        \*

**WHEREFORE**, Defendant, PeopleReady, Inc., prays that judgment be rendered in its favor, and against Plaintiff with a finding that PeopleReady did not violate the FLSA. PeopleReady respectfully requests that the lawsuit be dismissed after due proceedings.

Dated: October 23, 2025             Respectfully submitted,

*/s/ Joseph L. Adams*
Joseph L. Adams (MS #10591)
JONES WALKER LLP
*Counsel for PeopleReady, Inc.*
3100 North State Street. Suite 300
Jackson, MS 39216
Telephone: (601) 949-4856
Facsimile: (601) 949-4804
Email: jojoadams@joneswalker.com

***Attorneys for Defendant, PeopleReady, Inc.***

## **CERTIFICATE OF SERVICE**

    I, Joseph L. Adams, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: October 23, 2025                 */s/ Joseph L. Adams*
                                                                    Joseph L. Adams

#110092929v1